UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHELLE CORRALES<br>    Plaintiff,<br><br>v.<br><br>AMERICAN DISTILLING, INC.<br>DICKINSON BRANDS, INC.<br>HARVEY GOODMAN<br>    Defendants. | CASE NO.: 3:13-CV-00806-RNC |

## ANSWER

The Defendants, American Distilling, Inc. (hereinafter "American Distilling"), Dickinson Brands, Inc. (hereinafter "Dickinson") and Harvey Goodman (hereinafter "Mr. Goodman")(also collectively referred to herein as "the Defendants"), hereby file this Answer to the Plaintiff's Complaint, expressly reserving all rights to seek additional relief or raise additional defenses to the allegations contained in the Plaintiff's Complaint by appropriate motion.

The Defendants answer each and every paragraph of the Plaintiff's Complaint as follows:

### PARTIES

1.    The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph one.

2.    Admitted.

3.    Denied as stated. Dickinson is wholly owned by Edward Jackowitz and American Distilling is majority owned by Edward Jackowitz. Further, Defendants state

that Dickinson is a Delaware Corporation and that American Distilling and Dickinson both have a principal place of business in East Hampton, CT.

4.      Denied as stated. Dickinson is wholly owned by Edward Jackowitz and American Distilling is majority owned by Edward Jackowitz. Further, Defendants state that Dickinson is a Delaware Corporation and that American Distilling and Dickinson both have a principal place of business in East Hampton, CT.

5.      American Distilling employs over 15 people. Dickinson denies that it employs at least 15 people.

6.      Denied. Mr. Goodman is Vice President of Sales for Dickinson.

## JURISDICTION AND VENUE

7.      The Defendants do not respond to the allegations of paragraph seven as they state conclusions of law to which no response is required. To the extent that Paragraph seven contains allegations as to which a responsive pleading is required, the Defendants deny all such allegations.

## FACTUAL ALLEGATIONS

8.      Dickinson admits that the Plaintiff began working for it through Linium Staffing in or around late 2011. American Distilling denies that it employed Plaintiff.

9.      Defendants states that Plaintiff was retained through Linium Staffing as a temporary Administrative Assistant for the account service team.

10.     Denied. Mr. Goodman was not Plaintiff's supervisor nor did Mr. Goodman supervise Plaintiff.

11.     Denied. Mr. Goodman was not Plaintiff's supervisor nor did Mr. Goodman supervise Plaintiff.

12.     The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twelve. To the extent that Paragraph twelve attempts to impose liability on any Defendant, the Defendants deny all such allegations.

13.     Admitted in part; Denied in part. On or about March 2, 2012, Mr. Goodman informed Plaintiff that she was being considered for the permanent Customer Service Representative position that reported to him, not a position to be Mr. Goodman's Executive Assistant.

14.     Denied. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph fourteen, specifically as to what the Plaintiff may have been "aware" of. To the extent that Paragraph fourteen attempts to impose liability on any Defendant, the Defendants deny all such allegations.

15.     The Defendants admit that that the offsite interview was originally mentioned to Plaintiff on March 2, 2012 by Mr. Goodman as he was preparing to be out of the office on business the following week. Mr. Goodman offered Plaintiff several opportunities to meet: (1) March 5, 2012 at 7:30 a.m. when the office opened; (2) 6:00 p.m. after the office closed across the street at Governor's Tavern Restaurant; and (3) two weeks later on Monday, March 19, 2012 when Mr. Goodman returned to the office. Plaintiff stated that she could not make the March 5, 2012 7:30 a.m. meeting and did not want to wait until March 19, 2012. Plaintiff stated that she would meet Mr. Goodman at 6:00 p.m. at Governor's Tavern Restaurant on March 5, 2012. To the extent that Paragraph fifteen attempts to impose liability on any Defendant, the Defendants deny all such allegations.

16.     The Defendants admit that that the offsite interview was originally mentioned to Plaintiff on March 2, 2012 by Mr. Goodman as he was preparing to be out of the office on business the following week. Mr. Goodman offered Plaintiff several opportunities to meet: (1) March 5, 2012 at 7:30 a.m. when the office opened; (2) 6:00 p.m. after the office closed across the street at Governor's Tavern Restaurant; and (3) two weeks later on Monday, March 19, 2012 when Mr. Goodman returned to the office. Plaintiff stated that she could not make the March 5, 2012 7:30 a.m. meeting and did not want to wait until March 19, 2012. Plaintiff stated that she would meet Mr. Goodman at 6:00 p.m. at Governor's Tavern Restaurant on March 5, 2012. To the extent that Paragraph sixteen attempts to impose liability on any Defendant, the Defendants deny all such allegations.

17.     Defendants admit that Mr. Goodman was to be out of the office on business the following week. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph seventeen. To the extent that Paragraph seventeen attempts to impose liability on any Defendant, the Defendants deny all such allegations.

18.     Denied. The Defendants also state that Plaintiff selected the time and location for the interview.

19.     Admitted.

20.     Defendants admit that Ms. Muhlberg's experience is that on-site interviews are common practice. Defendants state that there is no policy prohibiting off-site interviews. To the extent that Paragraph seventeen attempts to impose liability on any Defendant, the Defendants deny all such allegations.

21.     Admitted.

4

22.     Denied.

23.     Denied.

24.     Mr. Goodman denies that any such conversation as described in paragraphs 22 and 23 ever occurred.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Admitted however Defendants deny any conduct as described by the Plaintiff.

34.     Denied as stated.

35.     Defendants admit Ms. Muhlberg told Plaintiff that an investigation would be conducted by Mike Dunn.  The Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph thirty-five.  To the extent that Paragraph thirty-five attempts to impose liability on any Defendant, the Defendants deny all such allegations.

36.     Defendants admit that Mr. Dunn is a lawyer for American Distilling.  To the extent that Paragraph thirty-six attempts to impose liability on any Defendant, the Defendants deny all such allegations.

37.     The Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph thirty-seven. To the extent that Paragraph thirty-seven attempts to impose liability on any Defendant, the Defendants deny all such allegations.

38.     Denied.

39.     Denied.

40.     Denied.

41.     The Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph forty-one. To the extent that Paragraph forty-one attempts to impose liability on any Defendant, the Defendants deny all such allegations.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Defendants admit that Mr. Goodman is employed by Dickinson as Vice President of Sales.

46.     Denied.

47.     Admitted.

48.     Denied.

49.     Denied.

50.     Defendant had no role in determining whether or not Plaintiff was staffed at Dickinson as this decision was within the sole discretion of the Mazzotta staffing agency.

51.     Denied.

52.     The Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph fifty-two. To the extent that Paragraph fifty-two attempts to impose liability on any Defendant, the Defendants deny all such allegations.

53.     Admitted. To the extent that Paragraph fifty-three attempts to impose liability on any Defendant, the Defendants deny all such allegations.

## SPECIAL DEFENSES

### FIRST DEFENSE

The Complaint in whole or in part fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation or other time limitations.

### THIRD DEFENSE

The Defendants state that their actions with regard to the allegations contained in Plaintiff's Complaint were reasonable and were taken in good faith for legitimate non-discriminatory business purposes.

### FOURTH DEFENSE

The Defendants state that Plaintiff has not been affected adversely or otherwise damaged by any conduct of the Defendants, or of any person or entity for whose conduct the Defendants are legally responsible or liable.

### FIFTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by her own actions.

## SIXTH DEFENSE

Some or all of Plaintiff's claims are barred in whole or part by her failure to comply with the procedural or administrative conditions precedent to filing a civil action alleging discrimination pursuant to Title VII of the Civil Rights Act of 1964 and Connecticut General Statutes Section 46a-51 et.seq.

## SEVENTH DEFENSE

Plaintiff has failed to mitigate her damages, if any, as claimed.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of "unclean hands."

## NINTH DEFENSE

The Defendants do not qualify as employers of Plaintiff pursuant to Title VII of the Civil Rights Act of 1964 and Connecticut General Statutes Section 46a-51 et.seq.

## **JURY CLAIM**

The Defendants respectfully claim a trial by jury of all claims raised in the Plaintiff's Complaint.

The Defendants hereby give notice that they intend to rely upon such other defenses as may become available or appear during the discovery proceedings in this case, and hereby reserves its right to assert any such defenses.

**Defendants,**
By their attorney,

/s/ Kenneth H. Naide
Kenneth H. Naide, Esq. (CT 27013)
BONNER KIERNAN TREBACH
& CROCIATA, LLP
200 Portland Street
Suite 400
(800) 840-5087
Fax (617) 426-0380

Dated: August 21, 2013

### CERTIFICATE OF SERVICE

I, Kenneth H. Naide, certify that on August 21, 2013, this document filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

/s/ Kenneth H. Naide
Kenneth H. Naide